Dear Mr. May:
This office is in receipt of your opinion request of May 30, 2000, wherein you asked two questions:
 (1) Is the Jackson Parish Police Jury mandated to house prisoners that are arrested by police officers of the town of Jonesboro and charged with violation of State criminal laws?
 (2) If a prisoner, who has been arrested by officers of the Town of Jonesboro and charged with the violation of a State criminal offense has to be housed in another facility because of overcrowding in the Jackson Parish Jail, is the Jackson Parish Policy Jury responsible for the expenses of housing that prisoner?
The provisions of LSA-R.S. 15:850.12(c) and 15.850.16(a) will govern our responses to the aforementioned questions.
 LSA-R.S. 15:850.12(c) states:
 C. Except only as hereinafter specifically provided, all persons lawfully incarcerated in Jackson Parish shall be incarcerated in the Jackson Parish Detention Center, subject to the exclusive jurisdiction and control of the Jackson Parish Detention Center Commission.
 LSA-R.S. 15.850.16(a) states:
 A. No person shall be incarcerated overnight in Jackson Parish except in the Jackson Parish Detention Center. Other jail and prison facilities in Jackson Parish may be used only to hold prisoners for court during the day, except by express consent of the commission.
According to Opinion of the Attorney General 1948-50, p. 64:
 a Police Jury has a duty to maintain a parish jail, and those prisoners who have been convicted of violating any state law must be taken care of without charge to municipality, but prisoners who have been given a jail sentence for violation of a municipal ordinance should be taken care of by the city in either a municipal lockup provided by the city or city authorities can, by contract, make financial arrangements with police jury for maintenance of prisoners. (emphasis added).
Payments made by the State of Louisiana are specifically governed by LSA-R.S. 15:824(b)(1) as amended in 1991. That statute specifically requires, with regard to State prisoners defined therein, as follows:
 . . . When the individual is not institutionalized in a state penal or corrections institution because of lack of facilities, under the control of the department, or the department otherwise refused to accept the individual for confinement, which resulted or has resulted in the individual being confined in the parish jail or institution after final sentence, or when he is being held in the parish jail without bail, pending an appeal, the department shall pay to each parish sheriff, or to the governing authority of those parishes in which the governing authority operates the parish jail, for keeping and feeding the individual in the parish jail
The Opinion of the Attorney General, No. 92-157, April 16, 1992, states in pertinent part:
 a Police Jury is obligated to pay for housing of its own prisoners outside of the parish when space in the parish prison is occupied by others, but may reduce its financial contribution for operating expenses of the jail [outside the parish] in proportion to the percentage of other prisoners to the total population [in that jail]. (emphasis added).
It is our opinion that Jackson Parish Police Jury is mandated to house prisoners that are arrested by officers of the Town of Jonesboro and charged with the violation of state criminal law. Also prisoners housed in another facility because of overcrowding in the Jackson Parish Jail, are the financial responsibility of the Jackson Parish Police Jury. Trusting the foregoing is helpful to your inquiry, we remain,
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________ FREDERICK DUHY Assistant Attorney General